**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DA'VHON YOUNG,**

    **Plaintiff,**

vs.                             **Case No. 4:21-cv-00399-WS-MAF**

**ROBERT KELLY,
et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

    This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. For the reasons stated below, the case should be dismissed for Plaintiff's failure to prosecute this case and failure to comply with court orders. The procedural history of this case warrants discussion.

**I.**    **Relevant Procedural History**

    Plaintiff initiated this case on September 15, 2021, by submitting a complaint against Robert Kelly, a Tallahassee police officer, and the Tallahassee Police Department (TPD). ECF No. 1, pp. 1-3. Plaintiff did not pay the $402 filing fee and submitted an incomplete motion to proceed *in forma pauperis* (IFP). ECF No. 2. Plaintiff failed to attach a printout of all

transactions in his prison account from the preceding six months. Id. Accordingly, the Court issued an order directing Plaintiff to amend the complaint and to refile his IFP motion. ECF No. 4. Plaintiff had until November 2, 2021, to comply with the Court's order. Id. The Court warned Plaintiff that failure to comply with the Court's orders might result in a recommendation of dismissal, pursuant to Fed. R. Civ. P. 41(b). Id.

As of the date of the drafting of this Report, Plaintiff has failed to prosecute the case and failed to comply with the Court's order. Dismissal is appropriate.

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff alleges that Defendant Kelly and TPD violated his Fourth-, Fifth-, and Fourteenth Amendment rights. ECF No. 1, p. 7. Plaintiff alleges that Defendant Kelly arrived at Plaintiff's residence on June 9, 2019, without an arrest- or search warrant and illegally detained Plaintiff on his front porch. Id., p. 5. Plaintiff alleges Defendant Kelly conducted an illegal search and seizure of him and his personal property. Id. Plaintiff asserts that he was never informed that he was free to leave; and his arrest was unlawful. Id., pp. 5-6.

Plaintiff seeks $275,000 in damages, lost wages, mental and emotional damages, and damages to his physical health. Id., p. 5. Plaintiff does not

provide any facts demonstrating what employment was affected by the incident. Id., pp. 5-7. Finally, Plaintiff concedes that he has filed other lawsuits in state or federal court dealing with the same facts or issue involved in this case. Id., p. 9. However, Plaintiff did not provide the required information, including the case number, parties, dates filed, result, name of judge, and court information for the case(s). Id.

Relevant to this case, the Court takes judicial notice of two cases in particular: (1) Plaintiff's criminal proceeding pending in Leon County Case No. 2019CF001992A and (2) his prior Section 1983 action in this Court, Case No. 4:20-cv-00243-MW-HTC, where he raised nearly identical claims against Defendant Kelly. The state case "constitute[s] judicially noticeable facts under Rule 201." Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 652 (11th Cir. 2020). In Case No. 2019CF001992A, this Court dismissed the claims under the Younger Abstention Doctrine. Plaintiff was reminded of the dismissal in the order to amend.[1]

---

[1] The Court provided Plaintiff with an excerpt of the Court's decision in Case No. 4:20-CV-00243, ECF No. 4, and does not repeat that here.

### III. Discussion

A. <u>Dismissal for Failure to Comply with Court Orders</u>

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). <u>Id</u>.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. <u>Gratton v. Great American Communications</u>, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff failed to properly amend and did not refile his IFP motion. Finally, the Court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss this action. This case should be also be dismissed for the reasons that follow: Plaintiff submitted a shotgun pleading and the claims are impermissible under the <u>Younger</u> Abstention Doctrine.

B. <u>Shotgun Pleadings are Not Permissible</u>

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." <u>LaCroix v. W. Dist. of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." <u>Id</u>. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." <u>Id</u>. (citing <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.</u>, 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792

F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff's paragraphs are not numbered. Plaintiff alleges certain claims against certain defendants but does not provide specific facts or omissions attributable to them. For example, Plaintiff names Defendant Kelly, but the facts describing the incident are vague. Additionally, Plaintiff names the TPD

but fails to attribute any incident, act, or omission to the TPD. These allegations do not properly state a constitutional claim.

Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present "a plausible claim for relief" to survive a motion to dismiss. See Randal v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient.

C. Futility of Claims under Younger v. Harris, 401 U.S. 37, 41 (1971).

It is well-settled that federal courts may not enjoin state court proceedings. Younger v. Harris, 401 U.S. 37, 41 (1971). Under Younger, federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that the Younger abstention doctrine extends to cases

involved in § 1983 claims for monetary damages. See Doby v. Strength, 758 F.2d 1405, 1405-06 (11th Cir. 1985) (requiring abstention pursuant to Younger where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings); see also 31 Foster Children v. Bush, 329 F.3d 1255, 1274-75 (11th Cir. 2003).

Regarding the first factor, Plaintiff's complaint is entirely based on an ongoing state criminal proceeding. ECF No. 1. The state docket sheet reflects that the criminal proceeding is still ongoing. Additionally, an adjudication in this case will interfere with the state proceeding. Here, Plaintiff's relief would require a finding that probable cause was lacking for his arrest, which would interfere with the state court's adjudication of the validity of the case against Plaintiff. See Boyd v. Georgia, 512 F. App'x 915, 918 (11th Cir. 2013).

Second, whether the state proceedings implicate important state interests, also weighs in favor of abstention. States clearly have an interest in prosecuting violations of their laws. See, e.g., Juidice v. Vail, 430 U.S. 327, 335 (1977). Plaintiff is represented by counsel in the state case, which is scheduled for a jury trial on January 18, 2022. See state court docket, DE# 166. Finally, Plaintiff will have an adequate opportunity in the state criminal proceedings to raise constitutional challenges and, if convicted, on direct

appeal and under post-conviction review. Accordingly, the Court should abstain from exercising jurisdiction over Plaintiff's claims.

## IV. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** without prejudice as a shotgun pleading and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. <u>See</u> also <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on November 10, 2021.

      **s/ Martin A. Fitzpatrick**
      **MARTIN A. FITZPATRICK**
      **UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on

appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).